UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, <br><br> Plaintiff, <br><br> v. <br><br> STAR TRANSPORT, INC. HEALTH CARE PLAN (EXACT NAME UNKNOWN) and STAR TRANSPORT, INC. (n/k/a STAR TRANSPORT AND STAR LEASING), <br><br> Defendants. | Case No. 1:15-cv-01436-SLD-JEH |

## ORDER

Before the Court is Plaintiff OSF Healthcare System's ("OSF") motion for default judgment as to Defendants, ECF No. 8. For the following reasons, the motion is GRANTED.

OSF filed suit on October 23, 2015, ECF No. 1, seeking reimbursement from Defendants after having provided services to one of Defendants' insureds. Summonses were issued, ECF No. 2, and subsequently returned, ECF Nos. 3, 4, indicating that Defendants had been served on November 12, 2015. From that point, Defendants had until December 3, 2015 to file an answer or other responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Neither did so, and the Court ordered entry of default on April 21, 2016. Apr. 21, 2016 Text Order. While a motion for default judgment was filed at the time, ECF No. 5, the case was then stayed because of a bankruptcy petition filed by one of the defendants. *See* Jul. 12, 2016 Text Order. The earlier motion for default judgment was mooted, Feb. 2, 2017 Text Order, and after the stay was lifted,

1

Nov. 28, 2016 Text Order, OSF renewed its motion for default judgment, currently before the Court.

When a party fails to defend or appear, the Clerk must enter a default. Fed. R. Civ. P. 55(a). If a default judgment is for a sum certain, or a sum that can be made certain by computation, the Clerk must then enter a judgment in that amount. *Id.* 55(b)(1). Otherwise, the party must move the Court for entry of judgment. *Id.* 55(b)(2). While a district court cannot enter default judgment without personal jurisdiction over the parties involved, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007), "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "[D]efault judgment[s] establish[], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

OSF sought judgment against Defendants on two claims, one for each defendant, pursuant to 29 U.S.C. § 1132(a)(1)(B), the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), for the unpaid medical bills of the insured. Compl. 1–13. It sought $192,195.78 as to each defendant, plus attorney's fees and court costs. *Id.* at 6, 13. As determined by the Court earlier, Defendants have failed to plead or defend, Apr. 21, 2016 Text Order, and are in default.

OSF's claim for damages is slightly ambiguous. OSF alleges that Defendant Star Transport Inc. Health Care Plan ("the plan") is the health insurance provider for the insured in this case, and that under the plan documents, the plan still owes OSF $192,195.78, as the assigned beneficiary. Compl. Count I, ¶¶ 1–34. And it alleges that Star Transport Inc. ("Star")

is the claims administrator for the plan, Compl. ¶ 15; Compl. Count II, ¶ 15.  OSF also claims that, apparently in the course of litigating the entire matter, it has incurred $4,295 in legal fees, Mot. Default J. 3, and court costs of $492.50, *id. See* 29 U.S.C. § 1132(g)(1) (permitting courts to award costs and fees in ERISA actions).  Read literally, OSF's request for entry of judgment asks that judgment in each of these amounts be entered separately as to each defendant. *Id.* However, as explained above, the $192,195.78 is the entire amount still owing for the services OSF rendered the insured, and the affidavits, which adequately support the claims for court costs and attorney's fees, suggest that the costs and fees were accrued with respect to both claims, not each claim.  Therefore, the Court construes OSF's request as being for judgment in the stated amounts against the plan and Star, jointly and severally, and will grant such judgment. *See* 29 U.S.C. §§ 1132(a), 1132(f); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) ("ERISA explicitly authorizes suits against fiduciaries and plan administrators to remedy statutory violations, including breaches of fiduciary duty and lack of compliance with benefit plans."); *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 914 (7th Cir. 2013) ("[W]here 'the plan has never been unambiguously identified as a distinct entity, . . . the plaintiff [may] name as defendant whatever entity or entities, individual or corporate, control the plan." (quoting *Leister v. Dovetail, Inc.*, 546 F.3d 875, 879 (7th Cir. 2008)).

CMB also alleged, only against Star, a violation of 29 U.S.C. § 1132(c)(1)(B), which provides for a $100 a day fine against plan administrators who fail to respond to requests for plan documents within thirty days.  Compl. Count II, ¶ 17.  It now seeks a $67,400 judgment against Star for the days of violation.  Mot Default J. 3.  CMB's request for documents to Star was dated August 15, 2014, Mot. Default J. ¶ 12; the penalty period began to run thirty days later, on September 14, 2014, when Star did not respond; the renewed motion for default judgment was

filed on December 9, 2016.  817 days elapsed between those dates, entitling CMB to a judgment of $81,700 against Star.  Its considerably lower request, for $67,400, is therefore granted, only as to Star, the plan administrator.

Accordingly, Plaintiff's motion for default judgment, ECF No. 8, is GRANTED.  The Clerk is directed to enter judgment in OSF's favor against Defendants, jointly and severally, for $192,195.78 in unpaid medical bills, $4,295 in legal fees, and court costs of $492.50.  The Clerk is directed to enter judgment against Defendant Star Transport Inc., n/k/a Star Transport and Star Leasing, in the amount of $67,400 under 29 U.S.C. § 1132(c)(1)(B).  The Clerk is directed to close the case.

Entered this 26th day of June, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE